UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY CARL CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:15-cv-00880-JHE |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

Plaintiff Gary Carl Craig ("Craig") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for supplemental security income (SSI). (Doc. 11). Craig timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Craig filed his Title XVI application for SSI on January 19, 2012, alleging he became unable to work beginning January 2, 1995. (Tr. 171-176). Craig was a forty-two year old male with an eleventh grade education and past relevant work as a painter. (Tr. 56, 67, 201). The Agency initially denied Craig's application, and Craig requested a hearing where he appeared on

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 9).

September 6, 2013. (Tr. 39, 83). After the hearing, the Administrative Law Judge ("ALJ") denied Craig's claim on November 12, 2013. (Tr. 18-27). Craig sought review by the Appeals Council, but it declined his request on March 24, 2015. (Tr. 1-6). On that date, the ALJ's decision became the final decision of the Commissioner. On October 28, 2015, Craig initiated this action. ( Doc. 11).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has

---

[2]In general, the legal standards applied are the same whether a claimant seeks Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

been conducted, it must reverse the ALJ's decision.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for supplemental security income and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3]  The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a).  To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Craig had not engaged in substantial gainful activity since the application date of January 19, 2012.  (Tr. 23).  At Step Two, the ALJ found Craig had the medically determinable impairment of a status post stab wound to the neck but concluded the impairment was not severe enough to hinder his ability to perform basic work related activities. (*Id.*).  The ALJ determined that, despite Craig's alleged back and leg pain from a gunshot wound roughly a decade earlier, no objective medical evidence of continuing medical treatment existed for the condition.  (Tr. 25-26).  The ALJ further noted that Craig had received one prescription for Naprosyn in December 2012, for knee pain but failed to fill the prescription or undergo any other medical treatment for back or leg pain. (*Id.*). Additionally, the ALJ determined that Craig's alleged pain levels were not credible based on his reported daily activities of personal care, cooking, and occasional household chores combined with the results of a consultative examination establishing Craig had full range of motion of the lumbar and cervical spine enabling him to walk at a normal gait, squat, dress himself, and seat himself on a chair and examination table. (*Id.*). The ALJ also found that Craig's status post stab wounds were treated in

the emergency room with Lortab on November 30, 2011, with only one subsequent follow up visit on December 14, 2011, and no further medical treatment provided due to his normal levels of motion range and strength making the stab wound a superficial impairment. (Tr. 26). Finally, the ALJ determined that Craig's alleged depression was not classifiable as a medically determinable impairment because no objective evidence existed for diagnosis or treatment. (Tr. 25). Therefore, the ALJ found Craig was not disabled by his stab wound, back pain, or depression and denied Craig's claim. (Tr. 21).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Here, substantial evidence shows the ALJ applied the proper standards to reach this conclusion and supports the ALJ's determination that Craig failed to demonstrate a disability. Craig challenges the Commissioner's decision on the claim that the ALJ violated SSR 96-8p by failing to consider the effect of Craig's degenerative disc disease, emphysema, and status post gunshot wounds on his ability to work. (Doc. 11 at 3-10). This challenge does not support reversal.

### A. The ALJ Was Not Required to Search for Medical Evidence Establishing a Severe Impairment.

Receipt of supplemental security income requires the plaintiff prove he is disabled. 20

C.F.R. § 416.912(a). The plaintiff must show he suffers from a severe impairment or combination of impairments for at least twelve months that affects the plaintiff's ability to conduct basic work activities. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); 20 C.F.R. §§416.905(a), 416.909. A diagnosis of a medical condition does not automatically create a disability unless the condition "severely" impairs the plaintiff's ability to work. *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Additionally, a condition must be mentioned either on disability forms or during hearings for the court to be required to consider the condition a physical or mental impairment. *See Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010)(citing *Pena v. Charter*, 76 F.3d 906, 909 (8th Cir. 1996)); *East v. Barnhart*, 197 F. App'x 899, 902 (holding the ALJ has to consider all alleged impairments but is not required to search through the submitted medical record trying to find a "disabling" impairment).

The plaintiff erroneously presents an argument under SSR 96-8p, that the ALJ is required to consider the impact of all impairments, both severe and non-severe, in their totality to determine the plaintiff's ability to perform work activities. (Doc. 11 at 3-4).[4] However, SSR 96-8p addresses the Residual Functional Capacity ("RFC") assessment on the individual's ability to continue working in his previous employment. SSR 96-8p, 1996 WL 374184 (July 2, 1996). Considering that determining the claimant's RFC is the fourth step of the sequential evaluation process, the analysis is unnecessary because the ALJ ended her analysis at the second step, finding Craig failed to prove he suffered from a severe impairment. Craig also minutely cites to SSR 96-3p, which addresses the consideration of alleged symptoms in the finding of a medical

---

[4] The plaintiff's brief contains the statement that "SSR 96-3p requires considering the impact of both severe and non-severe impairments on the ability to work" followed by a block quote discussing RFC and the consideration of combinations of impairments. This is an apparent typo, as the text is a direct quote from SSR 96-8p and not SSR 96-3p. (Doc. 11 at 3-4).

impairment, a more appropriate provision relating to this case. SSR 96-3p, 1996 WL 374181 (July 2, 1996).  However, SSR 96-3p explains that a condition that only minimally affects the plaintiff's ability to perform work activities is non-severe and that symptoms like pain "will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically  determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s)." *Id*. Moreover, regardless of medical documentation, allegations of a condition will be compared to the plaintiff's past statements, actions, and medical history in determining the complaints' credibility. 20 C.F.R. 416.929 (c)(4).

Craig contends the ALJ erred because she failed to consider the effect of his degenerative disc disease, emphysema, and status post gunshot wounds, and Craig also points to his additional conditions of depression and arthritis. (Doc. 11 at 3-10). However, the cases Craig cites to support his argument that failure to address all physical limitations or conditions affects an ALJ's ruling are all distinguishable because they involve a finding of at least one severe impairment or contain only persuasive authority. *Heatley v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (holding that no error occurred by not recognizing all possible severe impairments because one was designated as severe).  Instead based on *Robinson* and *East*'s holdings, Craig's condition of emphysema is not required to be considered because it was not listed on his application for disability or function report and not addressed during the administrative hearing. (*See* Tr. 37-70, 72, 216).  While Craig did mention back pain and depression on the application and arthritis at the hearing, the allegations of depression and arthritis are not supported by objective medical evidence anywhere in the record and thus not required to be considered in the finding of a severe impairment. (Tr. 49, 72, 216).

While medical records do attest that Craig had degenerative disc disease, gunshot wounds, and emphysema, Craig's diagnosis does not prove he is unable to perform work activities based on a medical examination's findings and issues regarding Craig's credibility. (Tr. 311-312).  After visiting the emergency room with multiple stab wounds to his neck, Craig visited the UAB Hospital Trauma Clinic for a follow up examination and was noted as doing extremely well and instructed to take over the counter pain medicine. (Tr. 315). Dr. Kuremsky's examination on March 3, 2012 failed to suggest that the conditions of degenerative disc disease, emphysema, or status-post gunshot wounds all diagnosed on November 30, 2011, affected Craig's ability to work. (Tr. 255, 311-312). Instead, Dr. Kuremsky noted that Craig had full range of motion in his spine and was able to walk, squat, and dress himself.  (*Id.*).  Additionally, Craig's complaints of frequent ten out of ten level pain from his gunshot wounds remain non credible based on his inaction in visiting a physician or filling his prescription. (Tr. 25-26, 43, 57-58). Though Craig has suffered inconvenience from a house fire which destroyed his state ID, birth certificate, and insurance card and caused him to miss the originally scheduled ALJ hearing on April 16, 2013, there is a gap from December 2012 to April 2013 where medical treatment was possible but never received for any of his alleged conditions. (Tr. 129, 135). Finally, Craig's occasional employment as a painter after his gunshot injury along with his capability to care for himself and perform basic household chores suggests Craig is capable of performing some degree of work activities. (Tr. 53-54, 65-66).

There is sufficient evidence to support the ALJ's determination that Craig did not have an impairment or any combination of impairments that significantly limited his ability to work. Despite the ALJ's finding of the impairment of a status post stab wound, Craig failed to meet his burden to prove this or any of the other alleged conditions constituted a severe impairment

altering his ability to perform work related activities for twelve months. Though existing medical documentation identifies Craig's different medical conditions, there is no record evidence, other than Craig's own statements, that his conditions affect his ability to conduct basic work related activities leaving the ALJ's finding supported by substantial evidence.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Craig's claim for supplemental security income is **AFFIRMED** and this action **DISMISSED WITH PREJUDICE.**

DONE this 29th day of September, 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE